UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:  §
        §
STREAMCAST NETWORKS, INC., as  §  Case No. 08-32025-RLD
Consolidated with In Re Stirling Bridge,
Inc., 08-32030-RLD7
        §
      Debtor(s)  §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Stephen Arnot, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
1001 SW FIFTH AVENUE #700
PORTLAND, OR 97204

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 23 days from the mailing of this notice, together with a request for a hearing and serve a copy of both upon the trustee, any party whose application is being challenged and the United States Trustee. If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date:    03/13/2015            By: /s/ Clerk
                                    US Bankruptcy Court

*Stephen Arnot*
*P.O. Box 1963*
*Lake Oswego, OR  97035*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON
PORTLAND DIVISION

In re: §
§
STREAMCAST NETWORKS, INC., as § Case No. 08-32025-RLD
Consolidated with In Re Stirling Bridge,
Inc., 08-32030-RLD7
§
Debtor(s) §

SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| The Final Report shows receipts of | $ |
| and approved disbursements of | $ |
| leaving a balance on hand of[1] | $ |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| SBI-1 | Aicco, Inc. | $ | $ | $ | $ |
| SBI-12 | GITIKA SRIVASTAVA AND FORMER SHAREH | $ | $ | $ | $ |
| SBI-16 | ECA - THE GERSH LAW FIRM, INC. | $ | $ | $ | $ |
| SCN-27 | EUROCAPITAL ADVISORS LLC | $ | $ | $ | $ |

| | |
|---|---|
| Total to be paid to secured creditors | $ |
| Remaining Balance | $ |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Stephen P. Arnot | $ | $ | $ |
| Trustee Expenses: Stephen P. Arnot | $ | $ | $ |
| Attorney for Trustee Fees: Farleigh Wada Witt | $ | $ | $ |
| Accountant for Trustee Fees: P. C HENDERSON BENNINGTON MOSHOFSKY | $ | $ | $ |
| Accountant for Trustee Expenses: P. C HENDERSON BENNINGTON MOSHOFSKY | $ | $ | $ |
| Other: FARLEIGH WADA WITT | $ | $ | $ |
| Other: LTD INTERNATIONAL SURETIES | $ | $ | $ |
| Other: LTD INTERNATIONAL SURETIES | $ | $ | $ |
| Other: PETER C. MCKITTRICK | $ | $ | $ |
| Other: PETER C. MCKITTRICK | $ | $ | $ |
| Other: Thomas M. Renn | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses  $_____

Remaining Balance  $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| SBI 11-Wage | Wendy Goodkin | $ | $ | $ |
| SBI 13-Wage | Matthew Neco | $ | $ | $ |
| SBI 17-Wage | ANDREW ANDERSON | $ | $ | $ |
| SBI 2-Wage | Bette Ledoux | $ | $ | $ |
| SBI 3-Wage | CHRIS WEISS | $ | $ | $ |
| SBI 4-Wage | LINDA SPECHT | $ | $ | $ |
| SCN 18-Wage | TURAN KAYA | $ | $ | $ |
| SCN 20-Wage | WASEF KASSIS | $ | $ | $ |
| SCN 7-Wage | MICHAEL WEISS | $ | $ | $ |
| auto | CA Franchise Tax Board | $ | $ | $ |
| auto | INTERNAL REVENUE SERVICE | $ | $ | $ |
| SBI 19-Tax | STATE OF CALIFORNIA | $ | $ | $ |
| SBI-18 | STATE OF CALIFORNIA | $ | $ | $ |
| SBI-7-3 | IRS | $ | $ | $ |
| SCN 36-4 | STATE OF CALIFORNIA | $ | $ | $ |
| SCN-12 Tax | US TREASURY C/O IRS | $ | $ | $ |
| SCN-33 | STATE OF CALIFORNIA FRANCHISE TAX BOARD | $ | $ | $ |

Total to be paid to priority creditors  $_____

Remaining Balance  $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| SCN-22 | L. P. TIMBERLINE VENTURE PARTNERS | $ | $ | $ |
| SCN-26 | Davis Wright Tremaine Client Trust Account | $ | $ | $ |
| SBI-10 | L. P. Timberline Venture Partners | $ | $ | $ |
| SCN-30 | MOTION PICTURE STUDIO CREDITORS | $ | $ | $ |
| SCN-32 | THE CLASS OF MUSIC PUBLISHER PRINCI | $ | $ | $ |
| SBI 13 WageU | Matthew Neco | $ | $ | $ |
| SBI-14 | CICONIA & CO., LLC | $ | $ | $ |
| SBI-3-Wage U | CHRIS WEISS | $ | $ | $ |
| SBI-5 | PACHULSKI STANG ZIEHL & JONES LLP | $ | $ | $ |
| SBI-6 | Smith Mandel & Assoc | $ | $ | $ |
| SBI-8 | Cairncross & Hemplemann Ps | $ | $ | $ |
| SBI-9 | MARK AND SALLY WEST | $ | $ | $ |
| SBN-15 | ILLINOIS UNION INSURANCE COMPANY | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| SCN-1 | CIT TECHNOLOGY FINANCING SERVICES | $ | $ | $ |
| SCN-10 | SMITH MANDEL & ASSOCIATES LLP | $ | $ | $ |
| SCN-11 | L. P. PAYMENTECH | $ | $ | $ |
| SCN-13 | BERGER KAHN, A LAW CORPORATION | $ | $ | $ |
| SCN-14 | COGENT COMMUNICATIONS INC | $ | $ | $ |
| SCN-15 | PROTECTION ONE | $ | $ | $ |
| SCN-16 | DAAR & NEWMAN | $ | $ | $ |
| SCN-17 | BRILLIANT DIGITAL ENTERTAINMENT INC | $ | $ | $ |
| SCN-19 | ROUNDUP FUNDING LLC | $ | $ | $ |
| SCN-2 | CIT TECHNOLOGY FINANCING SERVICES | $ | $ | $ |
| SCN-20 WageU | WASEF KASSIS | $ | $ | $ |
| SCN-21 | P WILSON SONSINI GOODRICH & ROSATI | $ | $ | $ |
| SCN-23 | LLP PORTER & HEDGES | $ | $ | $ |
| SCN-24 | SUSSMAN SHANK LLP | $ | $ | $ |
| SCN-25 | GITIKA SRIVASTAVA | $ | $ | $ |
| SCN-28 | CFOUR PARTNERS | $ | $ | $ |
| SCN-29 | CICONIA & CO., LLC | $ | $ | $ |
| SCN-3 | LAW OFFICES OF DAVID MICHAIL | $ | $ | $ |
| SCN-31 | WEISSBERG-GAETJENS-ZIEGENFEUTER & A | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| SCN-35 | JACQUELINE DEL MONTE | $ | $ | $ |
| SCN-4 | FEDEX CUSTOMER INFORMATION SERVICE | $ | $ | $ |
| SCN-5 | JOHNSON-LAIRD INC | $ | $ | $ |
| SCN-6 | DATALINK NETWORKS | $ | $ | $ |
| SCN-7 wage U | MICHAEL WEISS | $ | $ | $ |
| SCN-8 | ATTORNEY J. ROGER HAMILTON | $ | $ | $ |
| SCN-9 | PACHULSKI STANG ZIEHL & JONES LLP | $ | $ | $ |

Total to be paid to timely general unsecured creditors   $_____

Remaining Balance   $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: <u>Steve Arnot</u>
          Trustee

*Stephen Arnot*
*P.O. Box 1963*
*Lake Oswego, OR  97035*

**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.